MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jhonnatan Brinez Urdaneta, et al.,

    Petitioners-Plaintiffs,

v.

Chuck Keeton, et al.,

    Respondents-Defendants.

No. CV-20-00654-PHX-JAT (JFM)

**ORDER**

Petitioners-Plaintiffs Jhonnatan Brinez Urdaneta, Claudia Avalos Inchicaque, Miriam Gomez Cantillano, Noel Mejia Hernandez, Jose Vargas Saucedo, Bismer Rodriguez Alvarez, Landy Sanchez Ramos, and Geidys Calzadilla Borrero, have filed, through counsel, a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief ("Petition") (Doc. 1). The Court will require Respondents-Defendants to answer the Petition and will set an expedited briefing schedule.

**I.    Background**

Petitioners-Plaintiffs ("Petitioners") are detainees held in the custody of the United States Department of Homeland Security ("DHS") in the CoreCivic La Palma Correctional Center and CoreCivic Eloy Detention Center in Eloy, Arizona. They allege they each have one or more underlying medical conditions that place them at a heightened risk of severe illness and death were they to contract COVID-19. Petitioners claim that immigration detention facilities have a significantly higher risk of rapid and widespread transmission of

COVID-19 than the general community, because preventative strategies utilized by the general public, like social distancing, hand sanitizing, and proper ventilation are not readily available, and they are ill-equipped to engage in adequate testing, containment, and proper medical treatment of infected detainees.  Petitioners maintain that they face an especially acute and immediate risk of contracting COVID-19 in the facilities where they are currently detained due to the facilities' ongoing admission of visitors, unsanitary and hazardous conditions, and history of providing inadequate medical care.  Petitioners claim that release from custody is the only effective means to abate the risk of contracting COVID-19 and suffering serious bodily harm or death as a result, and thereby seek their immediate release from detention into the care of sponsors.

**II.     Petition**

In the Petition, Petitioners name as Respondents-Defendants ("Respondents"): La Palma Correctional Center Warden Chuck Keeton; Eloy Detention Center Warden Fred Figueroa; Acting United States Immigration and Customs Enforcement ("ICE") Phoenix Field Office Director Albert Carter; ICE Assistant Field Office Directors Cesar Topete, Jason Ciliberti, and John Cantu; and Acting DHS Secretary Chad Wolf.[1]  Petitioners assert that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1346, 1361, 2241, 1651, and 2201, 42 U.S.C. § 1983, and the Suspension Clause of the United States Constitution.

Petitioners claim that their continued detention violates the Due Process Clause of the Fifth Amendment on three grounds: (1) Respondents have affirmatively placed Petitioners in danger by detaining them in conditions that risk their exposure to COVID-19, and have acted with deliberate indifference to that known and obvious danger;

---

[1] Under the rationale articulated in *Armentero, infra*, and in the absence of authority addressing who is the proper respondent in immigration habeas corpus proceedings under § 2241, the Court will not dismiss Respondents or the Petition for failure to name a proper respondent at this stage of the proceedings.  *See Armentero v. INS*, 340 F.3d 1058, 1071-73 (9th Cir. 2003) (finding the DHS Secretary and the Attorney General were proper respondents), *withdrawn*, 382 F.3d 1153 (9th Cir. 2004) (order); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 n.8 (2004) (declining to resolve who the proper respondent is to an immigration habeas corpus petition).

1. (2) Respondents, who have a "special relationship" with Petitioners that requires Respondents to provide them with reasonable medical care and safety, have detained Petitioners in conditions that put them at substantial risk of exposure to COVID-19 and suffering serious harm; and (3) the conditions under which Petitioners are civilly detained amount to punishment.

Petitioners ask the Court to: (1) issue a writ of habeas corpus ordering their immediate release from detention or, in the alternative, issue an injunctive order immediately enjoining Respondents from detaining them; (2) declare that "Respondents' continued detention in civil immigration custody of individuals at increased risk for severe illness, including persons with underlying medical conditions that may increase the risk of serious COVID-19," violates the Due Process Clause of the Fifth Amendment; (3) award reasonable costs and attorneys' fees pursuant to the Equal Access to Justice Act; and (4) grant any other and further relief that the Court deems just and proper.

The Court will require Respondents Keeton, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf to answer the Petition.

**IT IS ORDERED:**

(1) The Clerk of Court shall **serve**: (1) a copy of the Summons, (2) the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief (Doc. 1), and (3) this Order upon the United States Attorney for the District of Arizona by certified mail addressed to the civil process clerk at the office of the United States Attorney pursuant to Rule 4(i)(1)(A) of the Federal Rules of Civil Procedure. The Clerk of Court shall also send by certified mail a copy of the Summons, the Petition, and this Order to the United States Attorney General pursuant to Rule 4(i)(1)(B) and to Respondents Keeton, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure.

(2) The Clerk of Court must **send** a copy of this order by separate email to the Immigration TRO Group.

. . . .

(3)     Respondents Keeton, Figueroa, Carter, Topete, Ciliberti, Cantu, and Wolf shall have **10 days** from the date of this Order to answer the Petition (Doc. 1).  Respondents shall not file a dispositive motion in place of an answer absent leave of Court.

(4)     Petitioners shall have **5 days** from the filing of Respondents' Answer to the Petition to file a Reply.  The Court will set a hearing on this matter by separate order if necessary.

(5)     Petitioners must file a "Notice of Change in Status" with the Clerk of Court within **2 days** of any material change in their custody status.  Petitioners may not include a motion for other relief with the Notice.

Dated this 3rd day of April, 2020.

_____
James A. Teilborg
Senior United States District Judge