MW

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Jhonnatan Brinez Urdaneta, et al.,

    Petitioners-Plaintiffs,

v.

Chuck Keeton, et al.,

    Respondents-Defendants.

No.  CV-20-00654-PHX-SPL (JFM)

**ORDER**

    Pursuant to the Court's May 11, 2020 Order (Doc. 52), and on review of the parties' proposed forms of order (Docs. 54, 55),

    **IT IS ORDERED:**

    (1)    The Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and Complaint for Injunctive and Declaratory Relief (Doc. 1) is **granted in part** as to Petitioner Noel Mejia Hernandez (A# 203-702-428) as follows:

        (a)    Respondents shall place Petitioner in a well-ventilated single-occupancy cell without a roommate.  Absent Petitioner's consent, and confirmation of his consent by Petitioner's counsel, Petitioner shall not be housed in administrative segregation, protective custody, or any other form of solitary confinement unless it is immediately necessary for medical isolation.

        (b)    Respondents shall provide Petitioner with access to a reasonably unlimited and free supply of personal protective equipment ("PPE"), including masks and gloves; alcohol-based hand sanitizer containing at least 60% alcohol; liquid soap; shampoo;

1  hot water; paper towels; and CDC-recommended disinfectant cleaner.

2        (c)    Respondents shall require that all staff and detainees wear masks
3  when interacting or sharing a common space with Petitioner.

4        (d)    Respondents shall have Petitioner's meals, hygiene and disinfectant
5  supplies, and other basic necessities, including medications and laundry, delivered to
6  Petitioner's cell.

7        (e)    Respondents shall provide Petitioner with regular, adequate, and
8  sanitary accommodations to shower in isolation.

9        (f)    Respondents shall provide Petitioner with regular, adequate, and
10  sanitary access to common rooms, outdoor recreation, and telephones, and must limit the
11  number of detainees in such areas so that Petitioner can maintain at least six feet of distance
12  from others.

13        (g)    Respondents shall provide Petitioner with daily scheduled medical
14  examinations at which his temperature must be taken and he is screened for CDC-
15  recognized COVID-19 symptoms, which currently include: cough, shortness of breath,
16  fever, chills, muscle pain, sore throat, loss of taste or smell, and gastrointestinal issues
17  (nausea, vomiting, or diarrhea).  If Petitioner exhibits any of these symptoms, Respondents
18  must promptly administer a COVID-19 test to Petitioner and provide Petitioner's counsel
19  with notice and the test results.  Should Petitioner require further treatment or medical care,
20  Respondents must maintain open communication with Petitioner's counsel and provide
21  counsel with reasonable status updates.

22      (2)    Respondents must file a "Notice of Compliance" no later than **May 18, 2020**
23  **at 12:00 p.m.** confirming that they have executed and complied with the requirements set
24  forth in this Order, or must show cause by such date why Petitioner should not be
25  immediately released from custody due to their failure to comply with this Order.

26  . . . .
27  . . . .
28  . . . .

- 2 -

Case 2:20-cv-00654-SPL--JFM   Document 56   Filed 05/15/20   Page 3 of 3

(3) The parties shall meet and confer (in person, telephonically, or electronically) and must file a joint status report no later than **May 22, 2020**. Thereafter, the parties shall meet and confer (in person, telephonically, or electronically) and must file a joint status report every **14 days**, unless otherwise ordered by this Court.

(4) Petitioner must promptly file a "Notice of Change in Status" if there is any material change in Petitioner's custody status, or if there is a change in circumstances warranting the dissolution of this Order.

Dated this 15th day of May, 2020.

Honorable Steven P. Logan
United States District Judge